JS-6     E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8697-GHK (AGRx) | Date | February 1, 2010 |
|---|---|---|---|
| Title | *Pedro Martinez, et al. v. America's Wholesale Lender, et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers) Order re: Defendant's Motion to Dismiss and Motion to Strike

This matter is before the Court on Defendant Countrywide Home Loans, Inc. d.b.a. America's Wholesale Lender's ("Defendant") Motion to Dismiss Plaintiffs Pedro Martinez and Graciela Sanchez's ("Plaintiffs") First Amended Complaint ("FAC") and Motion to Strike portions thereof. We have considered the papers filed in support of these Motions, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts in this case, we repeat them only as necessary. Accordingly, we rule as follows.

Plaintiffs' first claim is for violations of the Truth in Lending Act ("TILA"). 15 U.S.C. § 1601 *et seq*. Plaintiffs seek both rescission under 15 U.S.C. § 1635 and damages under 15 U.S.C. § 1640. The right of rescission "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . ." 15 U.S.C. § 1635(f). The Supreme Court has stated that Section 1635(f) "completely extinguishes the right of rescission":

> Section 1635(f) . . . takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well. The subsection says nothing in terms of bringing an action but instead provides that the "right of rescission [under the Act] shall expire" at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous.

*Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412, 417 (1998). Accordingly, neither equitable tolling nor equitable estoppel may be invoked to save an expired right of rescission. *See Cousineau v. Chevy Chase Bank*, No. CV F 09-0240, 2009 WL 839959, at *4 (E.D. Cal. March 30, 2009) ("Based on extinction of [the rescission] remedy, plaintiffs are unable to rely on equitable tolling to revive their stale rescission claim."). In this case, Plaintiffs entered into the loan agreement at issue on June 2006 (*see* FAC ¶¶ 18-

*JS-6    E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8697-GHK (AGRx) | Date | February 1, 2010 |
|---|---|---|---|
| Title | *Pedro Martinez, et al. v. America's Wholesale Lender, et al.* | | |

19), and the original Complaint was filed more than three years later on September 11, 2009. (Notice of Removal, Ex. A). Accordingly, Plaintiffs' right of rescission has expired.

Section 1640(e) sets a one-year statute of limitations for TILA claims for damages. As noted above, Plaintiff's original Complaint was filed more than three years after the execution of the loan agreement. Therefore, the damages claim is time-barred, unless there is a basis for equitably tolling the statute of limitations. *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (applying equitable tolling test to TILA claim for damages). "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (2000) (citation omitted). A claim accrues at the time a plaintiff knows or reasonably should know of the basis for the cause of action. *Kimes v. Stone*, 84 F.3d 1121, 1128-29 (9th Cir. 1996).

Plaintiffs have proffered no reason why through the exercise of due diligence they could not have discovered any of the alleged violations within the limitations period. *See, e.g.*, *Guketlov v. Homekey Mortgage, LLC*, No. CIV. 2-09-01026, 2009 WL 3785575, at *3 (W.D. Wash. Oct. 21, 2009) (denying equitable tolling for TILA claim where plaintiffs made "no factual allegations that would support a finding that a reasonable plaintiff would not have known that he received inadequate disclosures at the time he closed on his loan"); *Ung v. GMAC Mortgage, LLC*, No. EDCV 09-893-VAP, 2009 WL 2902434, at *2 (C.D. Cal. Sept. 4, 2009) ("Plaintiff's failure to inspect or understand the documents does not toll TILA's statute of limitations."). The facts as alleged militate in favor of dismissal. Plaintiffs learned prior to closing in June 2006 that the loan was not what they had anticipated:

> Plaintiff learned at escrow that the loan was for $1,000,000.00 with an initial adjustable interest rate of 7.500% and monthly loan payment of $2,648.45 for one year and adjusting every six months thereafter after [*sic*]. He also learned that he had a pre payment penalty. At close of escrow, plaintiff did not receive the over $31,000 he was promised. Plaintiff learned the closing cost was $13,942.25 including $10,000 for origination fee . . . . Defendants AMERICA'S and FINANCE did not inform Plaintiff of the interest rate jump after one year bringing his payment up and did not inform Plaintiff of another interest jump that was to come thereafter.

(FAC ¶ 18). These allegations clearly show that Plaintiffs were on notice of a potential failure to make the requisite TILA disclosures. Even if that information was insufficient to put Plaintiffs on notice of a potential TILA violation, then they were clearly on notice of the alleged disclosure defects by the time their first bills arrived. (*Id.*). By July 2007, Plaintiffs' monthly payments allegedly increased to more than his monthly take-home pay, forcing him into delinquency. (*Id.* ¶ 19). Surely at this point Plaintiffs, through the exercise of reasonable diligence, could have discovered the factual basis of their TILA claim. The allegation that the loan documents were "unclear" does not provide a basis for tolling. Nothing prevents a plaintiff "from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements" himself. *Hubbard v. Fid. Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996). Finally, the mere allegation of nondisclosure itself is obviously insufficient to establish

*JS-6    E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8697-GHK (AGRx) | Date | February 1, 2010 |
|---|---|---|---|
| Title | *Pedro Martinez, et al. v. America's Wholesale Lender, et al.* | | |

equitable tolling. *See Hughes v. Cardinal Fed. Sav. & Loan Ass'n*, 566 F. Supp. 834, 838 (S.D. Ohio 1983) ("Otherwise the one-year statute of limitations would be tolled in almost every [TILA] action in which a non-disclosure violation was found and the statutory limitations provision would be a nullity.").

Accordingly, we hereby **DISMISS** Claim 1 for TILA violations as time-barred. To the extent Claim 4 for declaratory relief is based in part on these same alleged TILA violations, it is also hereby **DISMISSED** as to Defendant. Claim 4 has also been brought against Defendant The Historical Real Estate and Finance ("HREF"). However, since Claim 1 has not been asserted against HREF, we construe Claim 4's declaratory relief claim as to HREF to be based only on the alleged state law violations. Accordingly, as we have dismissed all claims over which we have original jurisdiction, we hereby exercise our discretion under 28 U.S.C. § 1367(c)(3) and **REMAND** the balance of state law claims to the court from which they were removed.

**IT IS SO ORDERED.**

|  | --- | : | --- |
|---|---|---|---|
| Initials of Deputy Clerk | ljw  for Bea | | |